1  Vincent W. Davis, Esq. (SBN 125399)
   Edna V. Wenning (SBN 130377)
2  Law Offices of Vincent W. Davis & Associates
   440 E. Huntington Dr., Suite 100
3  Arcadia, California 91006
   Telephone: (626) 446-6442
   Facsimile: (626) 446-6454
4  Email: edna@vincentwdavis.com

5  Attorneys for Plaintiffs
   CLAIRA COOKE; J.C, a Minor
6  by and through her
   *Guardian Ad Litem*, JEFFREY COOKE
7

8

9              **UNITED STATES DISTRICT COURT**

10  **FOR THE CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION**

| | |
|---|---|
| 11  J.C., a Minor, and by and through her *Guardian Ad Litem*, JEFFREY COOKE | **COMPLAINT** |
| 12  | |
| 13                    Plaintiffs, | Case No: 2:22-cv-01563 |
| 14  vs. | 1. Violation of Civil Rights Under 42 U.S.C. § 1983 – 1st Amendment – Interference with Familial Relations (County of Los Angeles, by and through DCFS; Judith Zissa, Caleb Beyah, and DOES 1-50) |
| 15  COUNTY OF LOS ANGELES, by and through THE LOS ANGELES | |
| 16  COUNTY DEPARTMENT OF CHILDREN AND FAMILY | |
| 17  SERVICES; JUDITH ZISSA an individual; CALEB BEYAH, an | |
| 18  individual; KRISTY JOHNSON, an | 2. Violation of Civil Rights Under 42 U.S.C. § 1983 – 5th and 14th Amendment – Violation of Procedural and Substantive Due Process (County of LOS ANGELES, by and through DCFS; Judith Zissa, Caleb Beyah, and DOES 1-50) |
| 19  individual; and Does 1 through 50, | |
| 20  inclusive, | |
| 21                    Defendants. | |
| 22  | 3. Violation of Civil Rights Under 42 U.S.C. § 1983, 4th Amendment – Detention of Minor Child (County of LOS ANGELES, by and through DCFS; Judith Zissa, Caleb Beyah, and DOES 1-50) |
| 23  | |
| 24  | |
| 25  | |
| 26  | 4. Violation of Civil Rights Under 42 U.S.C. § 1983 – Monell Liability (County of LOS ANGELES, by and through |
| 27  | |
| 28  | |

*(Left margin, vertical text:)* LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES  440 E. HUNTINGTON AVENUE, SUITE 100  ARCADIA, CALIFORNIA 91006  PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1     )    DCFS; Judith Zissa, Caleb Beyah, and DOES 1-50)

2     )

3     )    5. Intentional Infliction of Emotional Distress (County of LOS ANGELES, by and through DCFS; Judith Zissa, Caleb Beyah, and DOES 1-50)

4     )

5     )

6     )    6. Intentional Infliction of Emotional Distress (Kristy Johnson)

7     )    7. Negligent Infliction of Emotional Distress (Kristy Johnson)

8     )

9     )    **DEMAND FOR TRIAL BY JURY**

10

11  COMES NOW Plaintiff J.C., a Minor, by and through her Guardian Ad Litem, JEFFREY COOKE by and through their Attorneys hereby allege as follows:

12

### JURISDICTION AND VENUE

13  1.  The jurisdiction of this Court is invoked under Title 28 U.S.C. §§1331 and 1343. This suit is authorized by the Fourteenth Amendment to the United States Constitution and Title 42 U.S.C. §1983.   Plaintiff seeks monetary recovery in excess of $75,000 for damages incurred by them.

14

15

16

17  2.  Venue is proper in the United States District Court for the Western District of California, as one or more of the named Defendants reside, transact business, or have offices in Los Angeles County and many of the acts and omissions alleged herein took place in Los Angeles County.

18

19

20

21  3.  The action was brought timely because the statute of limitations is tolled in California state as well as federal cases involving minors until the minor turns 18. (Cal. Code Civil Proc. §352(a); Fam. Code §6500.)

22

23

24

### PARTIES

25  4.  Plaintiff J.C., who was born in or around 2015, is a Minor Individual, who, during all times relevant as described in more detail below, engaged with the DCFS, by and through numerous employees, representatives, or agents of the same, in and

26

27

28

1    around Los Angeles County, both individually and as the biological daughter of

2    CLAIRA COOKE.

3    5.    Defendant COUNTY OF LOS ANGELES is a local public entity organized

4    under the laws of the State of California (hereinafter referred to as "County of Los

5    Angeles" or "COLA"). Defendant LOS ANGELES COUNTY DEPARTMENT OF

6    CHILDREN AND FAMILY SERVICES (hereinafter "DCFS" or "the Department")

7    is an agency of Defendant County of Los Angeles designated to administer laws and

8    programs relating to protective services for children, foster care and adoptions. DCFS

9    operates under the policy direction of the Los Angeles County Board of Supervisors

10   and the California Departments of Social Services and Health Services. At all

11   relevant times herein, Plaintiff J.C., along with her biological mother CLAIRA

12   COOKE, resided in the County of Kern, State of California.

13   6.    At all relevant times mentioned herein, Plaintiff J.C. ("J.C.") is and was a

14   Minor and the child of CLAIRA COOKE ("CLAIRA") and JEFFREY COOKE

15   ("JEFFREY").

16   7.    As the employer of social workers, investigators and their supervisors,

17   COLA/DCFS has primary responsibility for the training, discipline and supervision of

18   such employees, including supervisors of such employees and Plaintiff is informed

19   and believe and thereon allege that it was COLA/DCFS which promulgated,

20   encouraged, administered and/or permitted, the policies, practices, customs and

21   procedures under which the individual Defendant employees of COLA/DCFS

22   committed the acts or omissions complained of herein.

23   8.    At all times relevant herein, DCFS employed Defendant JUDY ZISSA

24   ("ZISSA") as a Social Worker charged with the investigation, monitoring and

25   management of juvenile dependency matters, which included at certain times as stated

26   below – the matter of minor Plaintiff identified herein. COLA/DCFS assigned ZISSA

27   to oversee and manage the investigation, detention, placements and services provided

28

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1  to the J.C. while entrusted to the custody and care of COLA/DCFS. ZISSA was an

2  individual residing, on information and belief, in the County of LOS ANGELES, and

3  at all times relevant herein was an officer, agent and employee of Defendant

4  COUNTY OF LOS ANGELES and DCFS. Defendant ZISSA is sued herein in both

5  her individual capacity and in her official capacity as an employee of the COUNTY

6  OF LOS ANGELES.

7  9.      Defendant COUNTY OF LOS ANGELES was at all times alleged herein to be

8  responsible for the appointment and promotion of employees of COUNTY OF LOS

9  ANGELES, and for the supervision, training, instruction, discipline, control, and

10  conduct of said employees.

11  10.     At all times alleged herein, Defendant COUNTY OF LOS ANGELES had the

12  power, right, and duty to control the manner in which the individual defendants

13  carried out the objectives of their employment and to assure that all orders, rules,

14  instructions, and regulations promulgated were consistent with the United States

15  Constitution, the California Constitution, the laws of the United States, the laws of the

16  State of California, and the laws of the local municipalities.

17  11.     Plaintiff is informed and believes, and thereon alleges, that each of the above-

18  named defendants was acting under color of law in committing the acts herein alleged,

19  and that in doing the things herein alleged, Defendants ZISSA and BEYAH, were

20  acting within the course and scope of their duties as employees or agents of

21  COLA/DCFS.

22  12.     Plaintiff is informed and believes and alleges thereon that except as otherwise

23  alleged herein, each of the Defendants employed by COLA/DCFS are and, at all

24  relevant times, were the agents, employers, alter egos and/or co-conspirators of each

25  of the other COLA/DCFS employee Defendants named herein and, in doing the things

26  alleged herein, were acting within the course: and scope of such positions at the

27  direction of and/or with the permission, knowledge, consent and/or ratification of each

28

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

of the other Defendants. Among other things, Plaintiff is informed and believes and alleges thereon that Defendants conspired with and aided and abetted each other in the events herein described.

13. Defendants individually and collectively did knowingly and willingly, conspire with each other to deprive Plaintiff of her State and Federal rights, liberties and interests.

14. Plaintiff is informed and believes and alleges thereon that except as otherwise alleged herein, COLA/DCFS Defendants are and, at all relevant times, were the co-conspirators of each of the other Defendants and, in doing the things alleged herein, was acting within the course and scope of such positions at the direction of and/or with the permission, knowledge, consent and/or ratification of each of the other Defendants.

15. The unknown named defendants – identified herein as "DOE DEFENDANTS" 1 through 50 include, but are not limited to, unknown social workers, supervisors, managers, investigators, deputy, directors, who participated in, approved of, or otherwise acquiesced in the action and misconduct of the other named defendants as herein, resulting in the deprivation of Plaintiffs' civil rights and injuries to Plaintiffs' person, as is described below. These unknown defendants include policy makers that created, fostered, acquiesced in, ratified, or maintained the policies, customs, or practices that cause the deprivation of Plaintiff's constitutional rights and resulting injuries.

16. Plaintiff is ignorant of the true names and capacities of these DOE DEFENDANTS, though all are believed to have been employed by COLA/DCFS or acting in concert with other named DEFENDANTS and in their capacity were acting as state actors and was in some intentional or negligent manner responsible for the injuries suffered by Plaintiff.

17.     Defendants, and each of them, performed the wrongful acts and omission alleged herein in bad faith and with knowledge that their conduct violated the well and clearly established and settled law.

18.     At all times material herein, Defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other Defendant herein and within the course and scope of such employment and agency.

19.     Defendants COLA/DCFS, ZISSA and BEYAH are individuals who were acting under color of law in conducting an investigation pursuant to California law, including as to proceedings described in Government Code § 820.21(a) and mandatory duties under the California Welfare and Institutions Code, including: § 290.1; § 300; §305; § 306; § 307; §307.4; § 308; § 309; § 311; § 319; § 332 and § 827.

20.     These statutes embody state and federal due process including requirements for dependency cases and federal constitutional rights under the 1st, 4th, 6th, and 14th Amendments.

21.     Defendants, and each of them, performed the wrongful acts and omissions alleged herein in bad faith and with knowledge that their conduct violated well and clearly established and settled law.

22.     Plaintiff is informed and believes and thereon alleges that each of the named defendants was and is an agent, employee, principal, or employer of each of the remaining defendants and/or, vice/versa.  Plaintiff further alleges that each of the above-named defendants are responsible in some manner for the occurrences herein alleged, and that each of the above-named defendants conspired with, and/or aided and/or abetted each of the remaining defendants in committing the acts herein alleged.

### COMMON ALLEGATIONS

23.     Each and every allegation set forth in each and every averment of this Complaint is hereby incorporated by this reference in each and every other averment, allegation, and count of this Complaint.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

24.     Plaintiff was previously deprived of their interests protected by the Constitution and/or laws of the United States of America, as well as California, and suffered injuries to their persons, and such deprivation was caused by Defendants – by commission and omission – while Defendants acted under color of law.

25.     All acts and/or omissions perpetrated by each Defendant, except any governmental entity Defendant or any Defendant only in their official capacity, were done so with deliberate indifference to Plaintiff's constitutional rights.

26.     All acts and/or omissions perpetrated by each Defendant, except any governmental entity Defendant or any Defendant only in their official capacity, were done in such a way that the need for more or different training is obvious, the inadequacy of the Defendants' training resulting in the violation of Plaintiff's constitutional rights.

27.     Plaintiffs make the following allegations and claims upon personal belief, investigation of counsel, and on information and belief.

28.     On around September 2, 2015 CLAIRA received a call from DCFS Social Worker Defendant ZISSA.

29.     After this phone call, CLAIRA and her husband JEFFREY met with ZISSA and another social worker named "Jasmine".  The local police were called.  The police filed no charges that day and they advised that they were not going to detain the kids.

30.     Plaintiff CLAIRA and her husband JEFFREY signed a parenting plan. As part of the parenting plan, JEFFREY was to make progress in his parenting classes before reuniting with J.C. and CLAIRA. JEFFREY was required to leave the family home.

31.     CLAIRA and J.C. went back to JEFFREY'S parents' home where they were residing at that time.  ZISSA followed to conduct a home inspection.  JEFFREY followed in a separate car driven by his mother to retrieve his clothes.

32.     The home inspection was conducted.   JEFFREY packed some items and left the home.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

33.     ZISSA advised CLAIRA that a physical was needed from the J.C.'s primary care doctor in Palmdale.

34.     CLAIRA packed the J.C. in the car and traveled to Palmdale where the physicals were to be conducted at the J.C.'s doctor's office.

35.     ZISSA then told CLAIRA that the physicals had to be done at AV hospital and CLAIRA complied.  While at AV hospital, pictures and x-rays were taken of J.C. and her genitals examined.

36.     ZISSA then informed Palmdale Police that J.C. was in imminent danger and must be detained as they were to return home to live with JEFFREY (who had previously left the home).  Although the physicals showed no signs of abuse, J.C. was detained and placed in the care of CLAIRA's mother Kristy Johnson ("JOHNSON").

37.     JOHNSON and Defendant ZISSA are both in the social work field and, in the past, they had worked closely together on several other juvenile dependency matters.

38.      J.C. at the time of the detention was a 3-month-old infant still breast feeding exclusively.

39.     Plaintiff's first hearing regarding the detention of J.C. was on September 8, 2015.

40.     At the Detention Hearing J.C. was placed in the care of CLAIRA.

41.     CLAIRA was ordered to return to return her mother's residence.

42.     Upon arrival, CLAIRA's sister attempted to physically harm CLAIRA and J.C.

43.     CLAIRA opted to leave the home rather than risk her and J.C. be assaulted.

44.      In order to ensure that ZISSA knew, CLAIRA made several phone calls to advise ZISSA of what occurred.

45.      ZISSA did not return CLAIRA's phone calls until the next day.  At that time ZISSA advised CLAIRA to return to the home where she was nearly assaulted and felt fearful for her safety and life.

46.    ZISSA warned that if CLAIRA did not return, J.C. may be placed in foster care or that CLAIRA would need to check into a battered women's shelter.

47.    CLAIRA continued to ask that ZISSA be removed from the case since she had a personal relationship with JOHNSON, but ZISSA refused to recuse herself from the matter.

48.    ZISSA again threatened to remove J.C. from CLAIRA's care if she did not immediately check into a battered women's shelter, so CLAIRA did that.

49.    She checked into the shelter and was further isolated from JEFFREY COOKE.

50.    CLAIRA was forced to live in the battered women's shelter with J.C. for more than a month.

51.    On or around November 27, 2015, CLAIRA along with J.C. moved into an apartment.  The juvenile dependency case was eventually closed as the allegations against CLAIRA and JEFFREY were deemed to be unfounded.

52.    The juvenile court order provided that JEFFREY have monitored visits with J.C.

53.    Furthermore, COLA/DCFS wrongfully withheld the appointment of a "monitor" – that being the mother of JEFFREY COOKE, a Kern County Unified School District Employee, whose credentials were more than satisfactory for the position of "monitor".

54.    COLA/DCFS also wrongfully accused CLAIRA of using drugs and alcohol, and they would not facilitate testing to show that the allegations were untrue.

55.    In addition, COLA/DCFS and ZISSA wrongfully required CLAIRA to leave the family home and check into a "Domestic Violence Shelter", where there was no basis for this requirement.

56.    COLA/DCFS and ZISSA ordered CLAIRA to check into a shelter simply to harass and to cause the Plaintiff stress.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

57.     COLA/DCFS and ZISSA have further not condoned the racial discrimination on behalf of the social worker(s) who sought to castigate and harass CLAIRA and JEFFREY based on their individual races/skin color.

58.     JEFFREY was called by ZISSA a "large man of color…" and a "threat". He was also subjected to other derogatory remarks about his ethnicity.

59.      ZISSA asserted that CLAIRA and JEFFREY should not be "married" as "man & wife" because JEFFREY is Black.

60.     Plaintiff is informed and believes, and on that basis alleges, that it is the policy, practice and custom of defendant COLA, by and through DCFS, to disproportionally target African Americans to fraudulently charge them with child abuse where none exists, regardless of whether or not defendants, and each of them, are in possession of reasonable and articulable evidence to support the claims.

61.     ZISSA orchestrated the wrongful "taking" of CLAIRA's child J.C. from her mother's care and custody with her long-term crony JOHNSON.

62.     ZISSA and other related employees of the COLA/DCFS wrongfully removed from her care, custody, and control in spite of not having any actual basis for removal and detention.

63.     Prior to the removal of J.C., both JEFFREY and CLAIRA had kept the minor Plaintiff J.C. in a loving, emotionally and financially supportive family.

64.     COLA/DCFS detained and removed J.C. from CLAIRA's care, custody, and control without first conducting a proper investigation as required by and executing the scope of what was necessary in violation of state and federal law.

65.     Neither COLA/DCFS, nor ZISSA had any facts to indicate that J.C. had been abused or neglected before they proceeded with the removal.

66.     46.  Neither COLA/DCFS, nor ZISSA provided CLAIRA with a copy of a warrant before removing J.C. from her care, custody, and control.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

67.     This warrantless removal was in violation of Plaintiff's State and Federal Civil Rights.

68.     There were no "imminent" circumstances to remove the Plaintiff from her mother's care and custody.

69.     Neither COLA/DCFS, nor ZISSA, had any material facts to indicate that J.C. was facing imminent harm before her removal from her mother's care.

70.     There were no exigent circumstances to justify the removal of Plaintiff J.C. from her mother's custody and care.

71.     CLAIRA also witnessed JEFFERY be misled, misinformed and tricked into signing various documents at the Edelman Children's Court House in Monterey Park, California, which led to substandard "reunification" resources being provided to both him and CLAIRA.

72.     After more than 30 weeks of "Parenting Classes" and "Anger Management Sessions", JEFFREY was still wrongfully be denied "visitation" of Plaintiff J.C., despite having an "approved monitor".

73.     Defendant JOHNSON submitted false allegations of "child abuse" and wrongful allegations of "Drug and Alcohol abuse by Mother" to COLA/DCFS.

74.     As a result of the conduct of all Defendants, Plaintiff has suffered emotional distress and psychological harm, which all Defendants inflicted on Plaintiff intentionally and/or with reckless disregard for the same.

75.     The actions of all Defendants, and each of them, were reckless, willful, malicious, and with a conscious disregard for the civil rights of Plaintiff, particularly with respect to her rights and well-being. Such wrongful conduct necessarily entitles Plaintiff to seek punitive damages from individual Defendants' wrongful acts for the purpose of punishing said Defendants, to make an example out of them, and to discourage such misconduct in the future.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

## FIRST CAUSE OF ACTION

### Violation of Civil Rights (42 U.S.C. § 1983) - Familial Association

### Against All COLA/DCFS Defendants and DOES 1 through 50, inclusive

76.     Plaintiff re-alleges paragraphs 1-75 and incorporate them herein as though fully set forth.

77.     At the time of the incidents as set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment I and XIV to the United States Constitution to due process of law and the equal protection of the laws as well as the right of familial association under the First Amendment were in full force and effect, and the individual defendants who engaged in conduct, as set forth above, deprived Plaintiff of her constitutional rights, which violated those rights, and violated the Fourteenth Amendment to the United States Constitution.

78.     During the times when minor Plaintiff J.C. were subject to the care, custody, and control of DCFS Defendant, Defendants, and each of them, were acting under color of state law when they acted, agreed and/or conspired to unlawfully and deliberately wrongfully detained the minor without any basis to assert that CLAIRA, or JEFFREY, were responsible for any physical abuse to her child and thereby violating the Constitutional rights of Plaintiff.

79.     The violation of Plaintiff's right to familial association includes the period from the J.C.'s removal on or about September 3, 2015.

80.     DCFS Defendants, and each of them, took these actions while acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

81.     DCFS Defendants did not at any time reasonably consider, implement, or attempt, any aspect of the "reasonable efforts" required by California law, requirements under federal law and/or regulations regarding social work in the area of

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

child protection after removal from a parent or guardian. This conduct was and is the result of the deliberate indifference to the rights and safety of parents and children evidenced by the failure to adequately train, supervise, or discipline employees such as the employee defendants herein of Defendant COUNTY of LOS ANGELES and DCFS.

82.    Commencing on or about September 3, 2015, DCFS Defendants, and each of them, were acting under color of state law when they acted, agreed, and/or conspired to unlawfully remove, detain, question, threaten, examine, investigate and/or search Plaintiff. COLA/DCFS Defendants did so without proper justification or authority and without probable cause, exigency, or court order. (See *Mabe v. County of Los Angeles* (2001) 237 F.3d 1101.)  Further, Defendants' actions were taken with deliberate indifference to Plaintiff's rights.  Defendants and each of them, maliciously conspired to violate the civil rights of the Plaintiff, including violation of Plaintiff's rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, removing, detaining and continuing to detain the J.C. from the care, custody and control of her mother, CLAIRA, without proper or just cause and/or authority; maliciously denying Plaintiff her right to a hearing on said detention within 48 hours of removal; and as to the individual COLA/DCFS Defendants by maliciously refusing to consider exculpatory evidence, and presenting fabricated evidence to the court, and maliciously refusing to provide exculpatory evidence during the pendency of the dependency proceedings in violation of Government Code §820.21, and violating Constitutional rights of Plaintiff.

83.    By these actions COLA/DCFS Defendants, and each of them, interfered and/or attempted to interfere with Plaintiff's constitutional right to familial association under the Fourteenth Amendment, as well as those rights applicable to California Law rising to the level of constitutionally protected rights.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

84.     As a direct and proximate result of COLA/DCFS Defendants' actions, Plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, attorney fees, costs and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

85.     In doing the things alleged herein, COLA/DCFS Defendants, and each of them, violated Plaintiff's fundamental constitutional rights to due process of law and right to familial association under, inter alia, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

86.     The acts and omissions of COLA/DCFS Defendants, and each of them, were done by COLA/DCFS Defendants under color of state law in their capacity as a municipality charted under state law, and as policy making authorities to which the government agency delegated their governing powers in the subject matter in which these polices were promulgated or decisions taken or customs and practices followed.

87.     The acts and omissions described above were taken by COLA/DCFS Defendants, who were official policy makers as members charged with such responsibility.  It was or should have been plainly obvious to any reasonable policy making official that the acts and omissions of Defendants as alleged herein, taken singly or in conjunction, directly violated and continued to violate the Plaintiff's clearly established constitutional and statutory rights.

88.     In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiff's rights, or at least, with a conscious, reckless and callous disregard of Plaintiff's rights and to the injurious consequences likely to result from violation of said rights.

89.     The above-alleged conduct of COLA/DCFS Defendants was consistent with the unconstitutional policies, customs, and practices set forth by DCFS, and were ratified by said Defendant COUNTY OF LOS ANGELES.

90.    Plaintiff is informed and believes and thereon alleges that Defendant COLA failed to properly train, supervise or discipline their agents and officers and this improper training, supervision, and discipline caused Plaintiff's constitutional rights to be violated.  Further, Defendant COLA, by and through DCFS are responsible for implementing, sanctioning and/or condoning the unconstitutional policies, customs and/or practices that allowed their agents and officers to violate Plaintiff's rights.

91.    As a direct and proximate result of COLA/DCFS Defendants' actions as alleged herein, Plaintiff suffered general and special damages including but not limited to the loss of liberty, loss of familial association, as well as, physical, mental and emotional pain, shock, and suffering, in an amount according to proof at trial and consistent with 42 U.S.C. § 1983.

92.    In addition, the individual Defendants who worked for Defendant COLA/DCFS who are government officials deliberately engaged in corruption, retaliation and violations of Plaintiff's clearly established constitutional rights.  As such, and by the nature of their conduct, the individual defendants are not entitled to qualified immunity.

93.    On information and belief, CPSB/DCFS Defendants acted with malice and intent to cause injury to Plaintiff, or acted with a willful and conscious disregard to the rights of the Plaintiff in a despicable, vile and contemptible manner by ignoring all exculpatory evidence against the mother in an effort to detain the minor thereby separating the family unit, placing Plaintiff J.C. in foster care. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

**SECOND CAUSE OF ACTION**

**42 U.S.C. § 1983 – 5th and 14th Amendment**

**Violation of Procedural and Substantive Due Process**

**Against All COLA/DCFS Defendants and DOES 1 through 50, inclusive**

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

94.    Plaintiff re-alleges, adopts, and incorporate the preceding paragraphs 1-93 as if fully set forth herein.

95.    Defendants violated Plaintiff's 5th and 14th Amendment right to procedural and substantive due process by preventing Plaintiff from receiving a fundamentally fair, orderly, and just judicial proceeding, as described in this Complaint. In doing so, Defendants acted under color of law without reasonable basis. Defendants were deliberately indifferent to, or in the alternative were in fact motivated by a willful and malicious disregard of Plaintiff's rights.

96.    Defendants, including unknown Doe Defendants, continually, repeatedly, and unfairly refused to conduct a competent, fair, and objective investigation and evaluation of Plaintiff's mother's, CLAIRA's, fitness to maintain custody of Plaintiff J.C.

97.    Each Defendant was responsible for evaluating the information available to them in good faith and giving each piece of evidence proper weight in considering CLAIRA's ability to care for J.C.

98.    As a result of Defendants' conduct, Plaintiff's mother CLAIRA was never given a fair opportunity to maintain custody of J.C., but instead spent months fighting against the misrepresentations and falsehoods propagated by all Defendants in order to win back custody of J.C.  The actions of Defendants deprived Plaintiff of her due process rights under the 5th and 14th Amendments and in violation of plaintiffs' First Amendment Right to familial association.

99.    As a result of Defendants' misconduct, Plaintiff suffered severe emotional pain and suffering, as well as economic harm in the form of denied funding that was withheld as a result of Defendants' actions.

### THIRD CAUSE OF ACTION

### Violation of 42 U.S.C. § 1983 – 4th Amendment – Wrongful Taking of Minor Child

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

**Against All COLA/DCFS Defendants and DOES 1 through 50, inclusive**

100.   Plaintiff hereby incorporates the preceding paragraphs 1-99 as though fully set forth herein.

101.   At the time of the incidents as set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment IV and XIV to the United States Constitution to due process of law and the equal protection of the laws as well as the right to be free from unlawful searches and seizures under the Fourth Amendment were in full force and effect, and the individual defendants who engaged in conduct, as set forth above, deprived Plaintiff of her constitutional rights, which violated those rights, and violated the Fourteenth Amendment to the United States Constitution.

102.   As described in more detail elsewhere in this Complaint, Defendants violated the rights of Plaintiff by creating a false allegation that Plaintiff's mother CLAIRA engaged in drinking and consuming drugs and her husband JEFFREY was violent.

103.   Plaintiff's injuries were the direct and proximate result of the actions of COLA/DCFS that Defendants could have, through reasonable diligence, prevented.

104.   As described in more detail elsewhere in this Complaint, Defendants violated the rights of Plaintiff J.C. by purposefully ignoring or otherwise recklessly disregarding the easily provable information that her mother, CLAIRA, did not do drugs and was not known to be a hard drinker.

105.   The actions of Defendants were willful, knowing, purposeful, and were done with the understanding that such actions would reasonably cause all the Plaintiff to suffer severe emotional harm and placing her in a less secure and healthy environment than if she had remained with her mother, CLAIRA.

106.   Defendants' conduct, as set forth above, was the direct and proximate cause of severe and ongoing injury to Plaintiff, as stated elsewhere in this complaint.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

107.    In addition, the individual Defendants who worked for Defendant COUNTY OF LOS ANGELES who are government officials, deliberately engaged in corruption, retaliation and violations of Plaintiff's clearly established constitutional rights.  As such, and by the nature of their conduct, the individual defendants are not entitled to qualified immunity.  Punitive damages are sought against the individual defendants employed by Defendant COUNTY OF LOS ANGELES according to proof.

## FORTH CAUSE OF ACTION

### Violation of Civil Rights under 42 U.S.C. § 1983 – *Monell* Claim

### Against All COLA/DCFS Defendants and DOES 1 through 50, inclusive

108.    Plaintiff hereby incorporates the preceding paragraphs 1-107 as though fully set forth herein.

109.    Defendant COUNTY OF LOS ANGELES, by and through the individual policymakers and/or supervisory officials, improperly, inadequately, or with deliberate indifference to the constitutional rights of persons, grossly negligently, or with reckless disregard for constitutional rights, failed to properly train, supervise, retrain, monitor, or take corrective action with respect to individual employees under their supervision and control, including in particular but not necessarily limited to Defendants ZISSA and BEYAH, with respect to the types of wrongful conduct alleged in this complaint, including, but not limited to the failure to enforce the law of the State of California, the unconstitutional enforcement of local ordinances and statutes, the enforcement of unconstitutional ordinances and statutes, and misuse of actual or perceived authority against individuals such as Plaintiff such that each one of them is liable legally for all injuries and/or damages sustained by Plaintiff pursuant to the legal principles set forth in *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978), *Heller v. Bushey*, 759 F.2d 1371 (9th Cir. 1986), cert. granted and reversed on other grounds sub nom. *City of Los Angeles v. Heller*, 106

S.Ct. 1573 (1986), and *Larez v. Gates*, 946 F.2d 630 (9th Cir. 1991), the content of all of which is incorporated herein by this reference.

110.   Defendants were responsible for the investigation into misconduct committed by individual employees and other individually named COLA DCFS Defendants, and disciplining the same.

111.   The policies, customs, and practices of Defendants herein described, had the following natural and foreseeable results, which were in violation of the civil rights of Plaintiff J.C. and others:

a.     Engaged in false representations to supervisors, law enforcement officers, juvenile dependency courts, and in order to justify removal of minor children that would otherwise not be supported by the facts or the law;

b.     Did not conduct a proper investigation in order to place minor solely based on the whims of individual social workers, rather than the needs of Plaintiff J.C. under the law; and

c.     Withholding funding to care providers or other legal guardians of minor children to the financial benefit of individual DCFS offices specifically Defendant COUNTY OF LOS ANGELES generally;

112.   Defendant COUNTY OF LOS ANGELES owed a duty to Plaintiff and others at all times, to establish, implement, and follow policies, procedures, customs, and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the 1st, 4th, 5th, and 14th Amendments; to use reasonable care to select, supervise, train, control, and review the actions of all of their agents, officers, and employees.

113.   Instead, Defendants engaged in the above-described policies, practices, and customs, all of which is not unique to Plaintiff alone, or constitutes an isolated incident, but is in fact a pervasive policy, practice, and custom of which Defendants are aware.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

114.   The injuries suffered by Plaintiff as described elsewhere herein, were directly, proximately, and foreseeably caused in part by the unconstitutional practices, policies, or customs, both written and unwritten, that at all relevant times were in full force and effect by Defendants and their employees, which were put in place or otherwise allowed to remain in place due to the tacit agreement of Defendants, various supervisors, managers, and policymakers, and was further exacerbated by their refusal to properly investigate such misconduct of other individuals under their supervision and authority, or discipline the same.

115.   Defendants knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that it would cause Plaintiff J.C. and others to be injured and damages by the wrongful acts and omissions as alleged herein, that such breaches occurred in contravention of public policy and as to their respective legal duties and obligations to individuals within their jurisdiction.

116.   The aforementioned policies, practices, customs, and procedures, as well as the lack of adequate training and discipline as stated and shown above, were the moving force and/or substantial factor in bringing about the constitutional deprivations complained of by Plaintiff herein.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Against Defendant Kristy Johnson

117.   Plaintiff hereby incorporates the preceding paragraphs 1 through 116 as though fully set forth herein.

118.   Defendant JOHNSON engaged in the above-mentioned extreme, outrageous, unlawful, and unprivileged conduct, including, but not limited to the following: making false reports regarding her daughter CLAIRA's purported drug and alcohol abuse and her son-in-law JEFFREY's purportedly violent attitude.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

119.   Plaintiff is informed and believes that JOHNSON intended to cause harm to Plaintiff, or acted with a reckless disregard of the possibility that Plaintiff would suffer extreme emotional distress as a result of the conduct listed above.

120.   As the direct and proximate result of JOHNSON's extreme and outrageous conduct, Plaintiff suffered extreme emotional and physical distress, including, but not limited to, fright, nervousness, sleeplessness, anxiety and worry, to an extent and in an amount subject to proof at trial.

## SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### Against Defendant Kristy Johnson

121.   Plaintiff hereby incorporates the preceding paragraphs 1 through 120 as though fully set forth herein.

122.   Plaintiff is informed and believes that JOHNSON engaged in the above-mentioned extreme, outrageous, unlawful, and unprivileged conduct as set forth elsewhere in this complaint.

123.   Plaintiff is informed and believes that JOHNSON was negligent in causing harm to Plaintiff, or acted with a reckless disregard of the possibility that Plaintiff would suffer extreme emotional distress as a result of the conduct listed above.

124.   As the direct and proximate result of JOHNSON's extreme and outrageous conduct, Plaintiff suffered extreme emotional and physical distress, including, but not limited to, fright, nervousness, sleeplessness, anxiety and worry to an extent and in an amount subject to proof at trial.

125.   The harm that Plaintiff alleges herein was reasonably foreseeable in light of the conduct of the Defendants, which was done knowingly and intelligently, such that Defendants knew or should have reasonably understood that their actions were likely to result in such harm to Plaintiff.

///

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON AVENUE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

# PRAYER

WHEREFORE, Plaintiff prays for judgment against all Defendants, as to all causes of action, as follows:

1.  Plaintiff demands a jury trial as to the issues so triable;

2.  General damages and special damages according to proof;

3.   As against only the individual Defendants and not any municipality, punitive damages as allowed by law;

4.  Attorneys' fees pursuant to 42 U.S.C. § 1988, and any other appropriate statute;

5.   Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief to be based upon a separate application);

6.  Costs of suit incurred herein; and

7.  Such other and further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

 Plaintiffs respectfully demand a jury trial for all claims asserted here.


RESPECTFULLY SUBMITTED,


Dated:   March 8, 2022          LAW OFFICES OF VINCENT W. DAVIS&ASSOC.


        */s/ Edna V. Wenning*
         Vincent W. Davis, Esq.
         Edna V. Wenning, Esq.
         Attorneys for Plaintiffs